## ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

### WEISS'S CLAIM.

Suffolk. March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.*

Upon the question whether a member of a fraternal beneficiary corporation or the beneficiary claiming a death benefit under his certificate had acquiesced in a by-law reducing the amount to be paid for death benefits from $5,000 to $2,000,

which was adopted by the corporation in good faith and afterwards was held to be invalid, so as to bar the beneficiary from sharing, to the amount of the balance of the death benefit, in an emergency fund in the hands of the receiver of the property of the corporation appointed under R. L. c. 119, § 19, to settle its affairs, it appeared that about three years and ten months before the appointment of the receiver a member indorsed on the back of his certificate for $5,000 a statement that he surrendered and returned his benefit certificate and applied for a change to take effect on the date of the application, that about a month later a certificate for $2,000 was issued to him, and that about two months after its issue he died after having paid assessments as levied on the reduced amount, that about five months after his death $1,900 was paid to the beneficiary under his certificate and the $2,000 certificate was surrendered for cancellation. The beneficiary made affidavit, accepted as evidence, that the member, who was her husband, exchanged the certificate because he supposed that he was compelled to do so, and there was some evidence that at some time the member tendered the full assessment to the local collector, but there was no evidence on the books of any objection or protest on the part of the member as to the reduction of the amount of his certificate or the assessment thereunder. No objection to the reduction was made by the beneficiary until a suit was brought against the corporation three years and nine months after the application for the change of certificate and three and a half years after the death of the member, and it was stated in the receiver's report, that during this period the order conducted its business, levied assessments and admitted new members on the basis that the liability under this certificate was for $2,000 and that such liability had been settled by the payment made. *Held,* that the case came within the principle of *Doleac's Claim, ante,* 175, and that the beneficiary was not entitled to share in the emergency fund.

LORING, J. Weiss's claim (claim 149) is another of the seventeen appeals from the decree of the single justice dated October 29, 1909. See *Attorney General* v. *American Legion of Honor (Hall's Claim), ante,* 158.

In this case the member, under date of October 19, 1900, indorsed on the back of his certificate for $5,000, "I surrender and return to you my benefit certificate" etc. "Change applied for on this 19th day of October, 1900, and to take effect on the 19th day of October, 1900." This certificate was filed with the order on November 17, and a certificate for $2,000 was issued to him on November 24, 1900. He died on January 16, 1901, having paid "without protest (except as hereinafter noted) assessments as levied." How many is not stated. On June 18, 1901, $1,900 was paid to the beneficiaries, and the $2,000 certificate surrendered for cancellation. The beneficiary now makes affidavit that the member, her husband, exchanged the certificate because he supposed that he was compelled to do so. There was some evidence from the local collector that at some time

not stated the member tendered him the full assessment. But " there is no evidence on the books of the order of any objection or protest on the part of the member as to the reduction of the amount of his certificate or the assessments thereunder." That was not sufficient to preserve his rights. *Dreyfus's Claim, ante,* 180.

There was in fact no fraud or misrepresentation on the part of anybody in the exchange which was made of the $5,000 certificate for the certificate of $2,000. The only ground of avoidance is that the member made a mistake of law. But even if such a mistake of law is ground for relief in equity, and even if the member's right to avoid the exchange has vested in the beneficiary who was not a party to the contract, no relief could be given in this case. No objection was made by the beneficiaries until July 20, 1904, three years and eight months after the exchange of the certificates was completed, and one year and a month after the payment of the exchanged certificate on the surrender of it for cancellation. It is stated in the report on which this case is submitted " that between said October 1, 1900, and January 16, 1901 (the date of the death of the member), and July 20, 1904 (the date of the suit against the order), the order conducted its business, levied assessments, and admitted new members on the basis that the liability under this certificate was for the amount named, to wit, two thousand dollars ($2000), and that the same had been settled by the payment as above set out." We take it that the period with respect to which the last statement is made is the period from June 18, 1901, to July 20, 1904, during which the order conducted its business, levied assessments and admitted new members on the basis that this claim had been settled by the payment as above set out.

The case comes within *Doleac's Claim, ante,* 175.

*Decree affirmed.*

*H. A. Wyman,* receiver, *pro se.*

*S. C. Bennett, (L. C. McBride* of Texas with him,) for the claimant.

*J. J. Higgins & A. L. Goodwin,* for the members in good standing.